# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# _____ DIVISION

**Debtor's Name:** <u>GUY CONTI</u>　　　　　　Bankruptcy Case # <u>06-49891</u>

**Creditor's Name and Address:**
Vanderbilt Mortgage and Finance, Inc.
500 Alcoa Trail
Maryville, TN 37804

**Reaffirmation Disclosures, Reaffirmation Agreement, Certification by Debtor's Attorney (If Any), Debtor's Statement in Support of Reaffirmation Agreement, Motion for Court Approval (If Applicable), and Court Approval (If Applicable)**

This document is required by Section 524 of the Bankruptcy Code.

*Part A. Before agreeing to reaffirm a debt, review these important disclosures:*

*Summary of Reaffirmation Agreement*
This Summary is made pursuant to the requirements of the Bankruptcy Code

<u>*Amount Reaffirmed:*</u> $ ~~30043.30~~ *per contract /sc*
(i) The amount of debt you have agreed to reaffirm. (ii) Your Credit Agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your Credit Agreement.

<u>*Annual Percentage Rate:*</u> 8.75 %
☐ If this box is marked, your Credit Agreement provides for a variable rate of interest and the following applies: The interest rate on your loan may be a variable interest rate which changes from time to time, so that the Annual Percentage Rate disclosed here may be higher or lower.

Security Interest: The Credit Agreement you are reaffirming is secured by a security interest or lien the in the following personal and/or real property:

　　(1) ☒ Manufactured Home: Year: <u>2003</u>　Make: <u>SCHULTZ</u>
　　Model: <u>SCHULTZ</u>　　Serial Number(s): <u>M310907AB</u>
　　Additional Accessories and Furnishings: _____

　　　_Loan Amount /sc_
　　Original ~~Purchase Price~~ If Credit Agreement Enabled You To Purchase the Manufactured Home: ☒ $ <u>31395.00</u>　　☐ Not Applicable

　　(2) ☐ Real Property Located At: _____

　　Original Purchase Price If Credit Agreement Enabled You To Purchase Real Property:
　　☐ $ _____　　☐ Not Applicable

　　(3) ☐ If this box is marked, the title to the Manufactured Home has been cancelled and is part of the Real Property described above.

　　(4) ☐ If this box is marked, none of the Credit or only a part of the Credit Agreement enabled you to purchase the above Manufactured Home or Real Property. The Original Amount of the Credit, including any Credit which enabled you to purchase either the above Manufactured Home or Real Property, was $ _____.

1

<u>Repayment of Reaffirmed Debt:</u> Your payment schedule will be:

>Number of Payments: <u>211</u> Amount of Payments: $ <u>277.45</u>
>Payments Are Due Monthly, Beginning <u>09/01/06</u>, with Following
>Payments Due Same Date Each Month

Note: When this disclosure refers to what a creditor "may" do, it does not used the word "may" to give the creditor specific permission. The word "may" is used to tell you what may occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

>1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B

>2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

>3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

>4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

>5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

>6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

>7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in the bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Your right to rescind (cancel) your reaffirmation agreement. You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

2

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

### Part B. Reaffirmation Agreement.

Brief Description of Credit Agreement:

☒ Retail Installment Contract-Security Agreement ☐ Promissory Note ☐ Fixed Rate Assumption and Modification Agreement ☐ Other (As Described): _____

Dated 2/25/04

With the Following Creditor/Seller: LITTLE VALLEY

Now Owned and/or Serviced By Vanderbilt Mortgage and Finance, Inc., under Account Number 506554

Description of any Changes to the Credit Agreement Made as a Part of this Reaffirmation Agreement:

☐ None, except for any change in the payment schedule, as disclosed above.

☐ The Credit Agreement has been changed as follows: _____

Signature _[signature]_
Borrower  Guy T Conti

Date: 9/5/06

Signature _____
Co-Borrower, if also reaffirming these debts

Date: _____

Accepted by Creditor:

VANDERBILT MORTGAGE AND FINANCE, INC
By _[signature] Lisa D Brown_

Date of Creditor Acceptance:
9/18/06

3

*Part C: Certification by Debtor's Attorney (If Any).*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] If this box is marked, a presumption of hardship has been established with respect to this reaffirmation agreement, and I certify further that I am of the opinion that the debtor is able to make the payments.

_____  Date: 9/5/06
Signature of Debtor's Attorney
__John Lange_____
Name of Debtor's Attorney

*Part D: Debtor's Statement in Support of Reaffirmation Agreement.*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 2646.00 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total

2369.00 $ ~~2369.00~~ , leaving $ 277.00 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____
_____
_____
_____
_____

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

_____  Date: 9/5/06
Signature
__Guy T Conti_____
Borrower

_____  Date: _____
Signature

Co-Borrower, if also reaffirming these debts

4

*Part E. Motion for Court Approval (To be completed only if the debtor is not represented by an attorney).*

I (we), the debtor(s), affirm the following to be true and correct:

    I am not represented by an attorney in connection with this reaffirmation agreement.

    I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

_____
_____
_____
_____
_____

    Therefore, I ask the court for an order approving this reaffirmation agreement.

_____  Date: _____
Signature

_____
Borrower
                                           Date: _____
_____
Signature

_____
Co-Borrower, if also reaffirming these debts


*Court Order: The Court grants the debtor's motion and approves the reaffirmation agreement described above.*

In Re: _____ (Debtor(s))

Chapter [ ] 7 [ ] 13    Case No. _____

City and State: _____

Date: _____

                                                  _____
                                                  THE HONORABLE _____

                                                  UNITED STATES BANKRUPTCY JUDGE FOR

                                                  THE _____

| RETAIL INSTALLMENT CONTRACT MANUFACTURED HOME MICHIGAN | Seller |
|---|---|
| No. | LITTLE VALLEY HMS/NOVI (SH) |
| Date | 45225 GRAND RIVER AVE |
| | NOVI, Michigan 48375 |

275996

"We" and "us" mean the Seller above, its successors and assigns.

**Buyer**
CUY T CONTI
MYRA CONTI

196 EMERALD CIRCLE
Whitmore Lake, Michigan 48189

"You" and "your" mean each Buyer above, and guarantor, separately and together.

**SALE:** You agree to purchase from us the manufactured home described below, together with the related services, furnishings, appliances, and accessories listed below (together referred to as "Manufactured Home"). Your purchase of the Manufactured Home is subject to the terms of this Contract. "Contract" means this document and any separate document that secures this Contract.

| Manufacturer | Model Name & Number | | | Year |
|---|---|---|---|---|
| SCHULT | SCHULT | | | 2003 |
| Serial Number | Length | Width | Color | [X] New |
| M310907AB | 60 | 28 | | [ ] Used |

Services, furnishings, appliances, and accessories include:

[ ] Tires and Wheels  [ ] Axles  [ ] Refrigerator _____  [ ] Oven/Range _____
[ ] Washer _____  [ ] Dryer _____  [ ] A/C Unit(s) _____
[ ] Awning(s) _____  [ ] Skirting  [ ] Accessory Shed _____
[ ] Services _____
[X] Other SET-UP

Location of Manufactured Home after delivery to Buyer:
196 EMERALD CIRCLE  Whitmore Lake, Michigan  48189

Description of Trade-In:

**SECURITY:** The Seller retains a security interest in the subject matter of this agreement. To secure your payment and performance under the terms of this Contract, you give us a security interest in the Manufactured Home (as defined above) and, unless prohibited by law, all present and future accessions to the Manufactured Home (except that accessions will not include "household goods" as defined in the FTC Credit Practices Rule, 16 C.F.R. 444, if we do not finance the purchase of such household goods) and all proceeds, products, and benefits from it.
[ ] This Contract is also secured by a separate mortgage or deed of trust dated _____, on real estate, as shown in the TRUTH IN LENDING DISCLOSURES.
The term "Property" means all property securing this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 31,395.00, plus interest on the unpaid balance at the rate(s) of 8.750% _____ per year until the final scheduled payment date. Interest will begin to accrue 30 days prior to the first payment due date and will accrue on a 360/360 day basis. After the final scheduled payment date, or after you default and we demand payment, we will earn interest on the unpaid balance at the rate of 8.750 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms of this Contract. A late charge, if provided in the TRUTH IN LENDING DISCLOSURES, will be imposed only once on a late payment. A late charge will not be collected on the final scheduled payment, but interest will continue to accrue at the applicable contract rate.

[X] **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ 200.00 that will be [ ] paid in cash. [X] financed (see ITEMIZATION OF AMOUNT FINANCED). [ ] portion paid in cash, portion financed.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

[ ] **ESCROW:** An escrow account for taxes and property insurance, or other purposes, will not be established unless this block is marked. If this block is marked and an escrow account established, it will be governed by a separate agreement.

MICHIGAN MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT
© 1996 Bankers Systems, Inc., St. Cloud, MN  Form OAKMISHMRMI1 10/25/1996 (3/02)

MANUFACTURED HOMES - NOT FOR MODULAR HOMES

Initials: _____  (page 1 of 6)

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $25,000.00 |
|---|---|---|---|---|
| 8.839 % | $35,387.16 | $31,195.00 | $66,582.16 | $91,582.16 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 239 | $277.45 | Monthly, beginning 04/01/2004 |
| 1 | $271.61 | Due on 03/01/2024 |

**Security:** You are giving a security interest in the goods or property being purchased.
☐ You are giving a security interest in the real property at _____

☒ **Late Charge:** If a payment is more than __15__ days late, you will be charged _the lesser of 5%_ _of the unpaid amount of the installment or $5.00_.

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.

**ASSUMPTION:** Someone buying your Manufactured Home ☐ may subject to conditions be allowed to ☒ cannot assume this Contract on its original terms.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.                                    "e" means an estimate

**CREDIT LIFE INSURANCE:** Credit life insurance is not required to obtain credit and we will not provide it unless you sign and agree to pay the additional premium. If you want such insurance, you may attempt to purchase it through us (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____

☐ Single ☐ Joint  Premium $0.00    Term 0 months

Your signature below means you want the insurance coverage(s) at the premium quoted above. If none are quoted, you have declined any coverages we offered.

_____ d/o/b  _____ d/o/b
Buyer                                                  Buyer

**PROPERTY INSURANCE:** You are required to insure the Property securing this Contract in an amount equal to the lesser of your principal balance or the value of the Property. You may purchase or provide the Insurance through any insurance company of your choice. We may refuse to accept for reasonable cause an insurance company chosen by you. If you purchase insurance through us, such insurance may contain coverages in addition to those required and you should study the coverages carefully to determine what is appropriate for you. We are quoting below ONLY the coverages you have chosen to purchase.

$0.00 ____ for a term of __0__ years.

Liability insurance coverage for bodily injury and/or property damage caused to others is NOT included in this Contract unless checked and indicated below.

☐ The following liability insurance is included in this coverage:

☒ Seller ☐ Buyer  will procure the property insurance if the premium is included as a separate charge in this Contract.

Your signature below means you want to purchase the Insurance through us at the price quoted above.

_____   _____
Buyer                                                  Buyer

☐ **BUYER PROTECTION/SERVICE PLAN:** By signing below, you have elected to purchase a buyer protection or service plan ("Plan") provided by _____
The Plan will be in effect _0 yrs._ _____ from the date of this Contract at a cost of $0.00 ____.
See the Plan documents for details. Such Plan is not required and is not a condition of credit.
Your signature below means you want the Plan quoted above.

_____   _____
Buyer                                                  Buyer

MANUFACTURED HOMES - NOT FOR MODULAR HOMES
Initials _____  _____ (page 2 of 5)

© 1996 Bankers Systems, Inc., St. Cloud. MN Form OAKRSSM0UN2 10/25/1995

## ITEMIZATION OF AMOUNT FINANCED

Manufactured Home Price                                              $ 55,650.00
   (including sales tax of $ 3,150.00)
Buyer Protection/Service Plan, Paid to:*                             $      0.00

                                              1. Cash Price   $ 55,650.00

Dealer's/Manufacturer's Rebate $     0.00
Cash Down Payment              $ 25,000.00
          2. Subtotal $ 25,000.00
Trade-In Allowance             $_____
Less: Amount Owing             $_____
To:_____
          3. Net Trade-In $     0.00
          4. Total Down Payment (line 2 plus line 3)    $ 25,000.00
          5. Unpaid Balance of Cash Price (line 1 minus line 4)   $ 30,650.00

Fees Paid to Others:
Paid to Public Officials - Filing Fees Only                          $_____
Paid to Public Officials - Other than Filing Fees                    $    45.00
Insurance Premiums*                                                  $     0.00
  (To:_____)
  (To:_____)
  (To:_____)
Paid to Seller - Additional Finance Charge                           $_____
Paid to: Processing Fee                                              $   200.00
Paid to: Little Valley Processing Fee                                $   500.00
Paid to:_____                                             $_____
Paid to:_____                                             $_____
          6. Subtotal (line 5 plus all Fees Paid to Others)    $ 31,395.00
          7. Prepaid Finance Charges    $    200.00
          Amount Financed (line 6 minus line 7)    $ 31,195.00

*We may retain or receive a portion of this amount.

**Notice to the Buyer:** Do not sign this contract before you read it or if it contains blank spaces. You are entitled to a copy of the Contract you sign.

**BY SIGNING THIS CONTRACT BUYER AGREES TO THE TERMS ON ALL 6 PAGES OF THIS CONTRACT.**

Buyer acknowledges receipt of a completed copy of this RETAIL INSTALLMENT CONTRACT.

X _[signature]_                                              X _[signature]_

Buyer(s):
X _[signature]_ (Seal) 2/25/04        X _[signature]_ (Seal) 2/25/04
  Signature          Date                    Signature          Date

X_____ (Seal) _____         X_____ (Seal) _____
  Signature          Date                    Signature          Date

SELLER'S SIGNATURE:
X _[signature]_                Name and Title  BRIAN J. KNAFL, OFFICE MANAGER

---

**ASSIGNMENT:** This Contract is assigned to Assignee (Identify):
Oakwood Acceptance Corporation, LLC
7800 McCloud Rd
Greensboro, North Carolina  27409

This assignment is made [X] under the terms of a separate agreement. [ ] under the terms of the ASSIGNMENT BY SELLER section in this Contract. [ ] This assignment is made with recourse.
Seller: By _[signature]_                                                Date  2-25-04
Name and Title  BRIAN J. KNAFL, OFFICE MANAGER

---

© 1996 Bankers Systems, Inc., St. Cloud, MN Form OAKRSSIMHOM5 10/25/1999

MANUFACTURED HOMES - NOT FOR MODULAR HOMES
Initials: _____  (page 3 of 6)

## ADDITIONAL TERMS OF THIS CONTRACT

**GENERAL TERMS:** You agree to purchase the Manufactured Home over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record. You also agree that we may collect interest on a monthly amortization of principal and interest basis and not on the basis of daily simple interest accruing from the date of last payment made. You further agree that your purchase of the Manufactured Home is for a personal, family or household purpose.

The law of Michigan will govern this transaction. It is also governed by applicable federal law and regulations, including the preemption of state usury laws. The federal Alternative Mortgage Transactions Parity Act may also apply.

We do not intend to charge or collect any interest or fee that is more than the applicable law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid this Contract in full.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

Refund of any amount included in the Amount Financed will be credited to your account.

**PREPAYMENT: YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME WITHOUT PENALTY.** Any partial prepayment will not excuse any later scheduled payments until you pay in full.

**ADDITIONAL SECURITY:** You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest, real estate mortgage, or deed of trust in the Property you agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property valid.
B. The security interest you are giving us in the Property comes ahead of the claim of any other creditor except as agreed to in writing by us. You agree to sign any additional documents or provide us with any additional information we may require to keep the priority of our claim to the Property. You will not do anything to change our interest in the Property.
C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Manufactured Home will be located at the "Location of Manufactured Home after delivery to Buyer" provided in this Contract.
D. You will not try to sell or transfer any rights in the Property without our prior written consent.
E. The Manufactured Home will remain personal property until this Contract is paid in full whether or not it is attached to the real estate. Unless we give you prior written consent, you will not allow the Manufactured Home to become a part of real estate or to otherwise lose its treatment as personal property under applicable law.
F. You will pay all taxes, fees, expenses, and assessments on the Property when due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to make a payment when it is due.
B. You fail to perform any obligation that you have undertaken in this Contract (which includes doing something you have agreed not to do).

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**NOTICE OF DEFAULT:** If you are in default, we will send you a Notice of Default and Notice of Right to Cure Default ("Notice") when required by law. The Notice will explain why you are in default and how you can cure it. We will not accelerate the unpaid balance of this Contract, repossess or foreclose on any Property until after we send you the Notice and any cure period it describes has passed. We may not be required to send you a Notice if (1) you have abandoned the Manufactured Home, (2) you received two Notices in the prior one-year period, or (3) other extreme circumstances exist.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law, this Contract, and any separate personal property security agreement, real estate mortgage, or deed of trust. Before using a remedy, we will send you any notice and wait for any cure period that the law may require for that remedy. Our remedies include the following:

A. We may require you to immediately pay us, subject to any refund required by law, the entire principal balance, plus earned interest and all other agreed charges.
B. We may, but are not required to, pay taxes, fees, expenses, assessments, or other liens or make repairs to the Property if you have not done so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn interest from the date paid at the rate(s) described in the PROMISE TO PAY AND PAYMENT TERMS section. We may require that you establish and fund an escrow account if one is not already required.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, if we do so lawfully. We shall have all the rights and remedies of a secured party under the applicable Uniform Commercial Code. We may sell the Property and apply what we receive first to our reasonable expenses and other indebtedness secured by the Property as permitted by the applicable Uniform Commercial Code. Such reasonable expenses shall, without limitation, include expenses incurred in retaking, holding, preparing for sale and the like, and our reasonable attorneys' fees, legal expenses and other permitted costs we may incur. Expenses incurred to prepare the Property for sale shall include the repairing or placing of the Property in such condition as is reasonably necessary to resell the Property for dwelling purposes.

© 1990 Bankers Systems, Inc., St. Cloud, MN Form OAKROBMHMI 10/25/1996                                        Initials: _____    (page 4 of 6)

E. Except when prohibited by law, we may sue you for additional amounts if the sale proceeds do not pay all you owe us.

Paragraphs C. and D. (above) apply only to personal property security interests. If this Contract is secured by a mortgage or deed of trust, then the foreclosure of such interest may impose other duties and limitations on our rights and remedies, as provided by law and the mortgage or deed of trust.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. If we do not act on an event of default, we do not give up our right to later treat that type of event as a default.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law). When real estate is the security, other rules may apply.

In addition to our rights as a secured party under the Uniform Commercial Code, we shall have the right to collect from you, unless prohibited or limited by state law, our attorneys' fees and costs incurred in collecting any amount due us.

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

If the U.S. Department of Housing and Urban Development insures this Contract under its Title I Property Improvement and Manufactured Home Regulations, our right to make you pay off this entire Contract is subject to the limitations of those regulations.

**INSURANCE:** You agree to buy insurance on the Property with the types and amounts of coverage indicated in the PROPERTY INSURANCE section, or as we otherwise lawfully require. You must name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. If insurance proceeds paid to us do not pay off this Contract, you are responsible for the balance. You will keep the insurance in effect until this Contract is paid in full. If the premium for property insurance is included in the Amount Financed and the insurance is canceled or terminated before this Contract is paid in full, then you agree to give us any premium refund or rebate that you receive. We will credit the refund or rebate to the amount you owe us. We may, at our option, allow you to use the refund or rebate to help pay for replacement insurance that you purchase.

If you do not keep these promises, we may buy insurance to protect our interest in the Property. The insurance we buy may include coverages beyond those we require you to buy and may be from a company you might not choose. The rate we pay may be higher than a rate you might have to pay if you buy it yourself. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn interest from the date paid at the applicable contract rate(s).

**OBLIGATIONS INDEPENDENT:** Each of you who signs this Contract is independently responsible to pay it and to keep the other promises made in this Contract. This is true even if:
  A. Someone else has also signed it.
  B. We release or do not try to collect from another who is also responsible to pay this Contract.
  C. We release any security or do not try to take back any Property.
  D. We give up any other rights we may have.
  E. We extend new credit or renew this Contract.

**WARRANTIES:** We will provide any warranty information to you separately.

| |
|---|
| **EXCLUSION OF WARRANTIES: TO THE EXTENT PERMITTED BY APPLICABLE LAW, SELLER HEREBY EXCLUDES AND DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE.** |

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

| |
|---|
| **GUARANTEE:** You guarantee the payment of this Contract. You also agree that all the other terms of the Contract will apply to you. |
| Name _____  Signature _____ |

© 1990 Bankers Systems, Inc., St. Cloud, MN    Form OAKRGGIMHM15 10/25/1909

Initials _____                                (page 6 of 6)

**ASSIGNMENT BY SELLER:**

**WITH RECOURSE:** If this Assignment is made "with recourse" as indicated in the ASSIGNMENT section of this Contract, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including interest and any other charges, due at that time.

Disbursement Date: _____ (This date is for Title I HUD Insurance purposes and may be completed after the Contract is signed to reflect the actual disbursement date, and not any estimated disbursement date. It may appear only on the original form.)

© 1996 Bankers Systems, Inc., St. Cloud, MN Form OAKREGMHMIS 10/25/1999    Initials: _____    (page 8 of 8)

# STATE OF MICHIGAN

## CERTIFICATE OF MANUFACTURED HOME OWNERSHIP
**FULL RIGHTS TO SURVIVOR**

| YEAR OF MANUFACTURE | MANUFACTURER | MANUFACTURED HOME SERIAL NUMBER |
|---|---|---|
| 2003 | SCHULT | M310907AB |

| ISSUE DATE | MANUFACTURED HOME CERTIFICATE NUMBER |
|---|---|
| 03/09/2004 | 130R0680050 AS |

OWNERS' NAME AND ADDRESS

GUY T CONTI
MYRA CONTI
196 EMERALD CIR
WHITMORE LAKE MI 48189



| First Secured Party | Filing Date |
|---|---|
| OAKWOOD ACCEPTANCE CORP LLC 7800 MCCLOUD RD GREENSBORO NC 27409 | 03-08-2004 |
| Release of First Lien | |
| X _____ Signature of Agent | Date |

THE YEAR OF MANUFACTURE AND MODEL YEAR MAY NOT BE THE SAME

### Certificate Assignment by Seller

ANY ALTERATION, ERASURE, FALSE STATEMENT, FORGERY OR FRAUD VOIDS THIS CERTIFICATE AND IS A CRIME.

I (we) certify that the manufactured home described above is sold, assigned, transferred to the following purchaser(s) and is free of all previous liens. Further, I/we certify that the manufactured home described above is equipped with (1) fire extinguisher and (1) smoke detector as required by P.A. 133 of the Public Acts of 1974, being sections 125.771 et. seq. of the Michigan Compiled Laws.

| Printed Name of Purchaser(s) | | Date of Sale | Selling Price |
|---|---|---|---|
| Purchaser's Street Address | City | State | Zip |
| Signature of Seller(s) X | Printed Name of Seller(s) | | |
| Seller's Street Address | City | State | Zip |

**NEW LIENHOLDER INFORMATION:** The information below must be on an application for a certificate and presented to the Michigan Department of State

| Secured Party: | Address: |
|---|---|

The Department of Consumer and Industry Services of the State of Michigan certifies that this certificate is prima facie proof of ownership issued in compliance with the laws of the State of Michigan. On the date of issuance, the manufactured home described was subject to the security interest as shown.

MAILING ADDRESS

OAKWOOD ACCEPTANCE CORP LLC
7800 MCCLOUD RD
GREENSBORO NC 27409

**B00981712**



DO NOT ACCEPT CERTIFICATE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS